UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID SCHLESSINGER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 12-cv-3733 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| THE CHICAGO HOUSING AUTHORITY, ) | |
| JESSICA PORTER (in her individual ) | |
| capacity), and KENETH LOVE (in his ) | |
| individual capacity), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff David Schlessinger ("Schlessinger") filed this action alleging a violation of his civil rights under the First and Fourteenth Amendments pursuant to 28 U.S.C. § 1983 against Defendants Chicago Housing Authority ("CHA"), Jessica Porter ("Porter"), and Kenneth Love ("Love") (collectively, "Defendants"). This court granted Defendants' motion for summary judgment, dismissing the action with prejudice. Presently, Defendants move for an award of sanctions pursuant to 28 U.S.C. § 1927 and an award of attorneys' fees and costs as the prevailing party under 42 U.S.C. § 1988(b). For the reasons set forth below, the court denies Defendants' motion.

### I.  BACKGROUND

As noted, Schlessinger filed a § 1983 action alleging that Defendants violated his First and Fourteenth Amendment rights by retaliating against him for opposing their allegedly improper conduct.[1] Schlessinger is a landlord who participated in the Housing Choice Voucher ("HCV") program, the federal government's Section 8 program that provides assistance to renters

---

[1] A more detailed recounting of the facts can be found in the Order granting Defendants' motion for summary judgment. *See Schlessinger v. Chicago Housing Authority*, 130 F.Supp.3d 1226 (N.D. Ill. 2015).

in the private market. Under the HCV program, once a program participant has located an approved rental unit, a local public housing agency, such as CHA, pays the landlord a rent subsidy. Schlessinger entered the HCV program in 2005, when CHA signed a Housing Assistance Payment ("HAP") Contract with him, so that he could lease one of his units to a program participant.

One of the requirements a landlord must satisfy in order to participate in the HCV program is the successful completion of a housing inspection on the proposed rental unit. HUD mandates that all properties pass an inspection before the HAP Contract is signed and at least once annually during the term of the contract. The standards for an inspection are HUD's "Housing Quality Standards" ("HQS"), which refer to the combination of both HUD and CHA's established requirements. CHA inspectors, comprised of employees and independent contractors, are trained to inspect properties to determine whether they meet the HQS. The housing inspections on Schlessinger's properties and Schlessinger's criticisms of the inspections form the basis of his complaints.

Schlessinger filed his initial Complaint on May 15, 2012 asserting numerous federal and state claims.[2] [Compl., ECF No. 1.] Defendants responded to Schlessinger's Complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which was granted by the court on November 13, 2012. The court granted Schlessinger leave to re-plead his First Amendment and supplemental state claims. Schlessinger subsequently filed his Amended Complaint ("FAC") on December 12, 2012. [FAC, ECF No. 27.] Defendants once again moved to dismiss Schlessinger's FAC pursuant to Rule 12(b)(6). On June 3, 2013, the court granted Defendants' motion in part and denied it in part. More specifically, the court

---

[2] Schlessinger filed a Complaint and Amended Complaint in the Circuit Court of Cook County, Illinois ("state court action") arguing that the CHA breached its HAP contracts with him by not paying rent subsidies that he claimed were owed. The state court action was voluntarily dismissed on May 8, 2012.

2

dismissed Schlessinger's *Monell* liability claims based on express policy or widespread practices but allowed Schlessinger an opportunity to re-plead his *Monell* claim if he could include allegations of retaliation by someone with final policy-making authority with CHA. [6/3/13 Order, ECF No. 45.] Moreover, the court denied Defendants' motion to dismiss with respect to Schlessinger's First Amendment claim against CHA employees Jessica Porter and Kenneth Love.

Schlessinger filed his Second Amended Complaint ("SAC") consistent with the *Monell* instructions set forth in the court's June 3, 2013 order. Defendants answered the SAC on November 19, 2013, and the parties engaged in discovery. After the completion of discovery, Defendants filed their Motion for Summary Judgment. In their motion, Defendants argued that Schlessinger's supposed protected speech concerned only his own private interests and was, therefore, unprotected by the First Amendment. The court agreed and granted Defendants' motion. [9/16/15 Order, ECF No. 115.]

In the order granting summary judgment in favor of Defendants, the court noted that Schlessinger violated Local Rule ("LR") 56.1, which allows a maximum of 40 statements of additional facts by filing 109 statements. Schlessinger also violated LR 56.1 by improperly denying many of Defendants' statements of facts. Finally, Schlessiner's memorandum in support of his response in opposition to Defendants' motion for summary judgment insufficiently cited to the parties' LR 56.1 statements of facts. As a result, the court deemed as admitted all of Defendants' statements of facts that were supported by the record.

Defendants have filed the instant motion for attorneys' fees pursuant to 28 U.S.C. § 1988 as a "prevailing party" and for sanctions pursuant to § 1927.

## II.     ANALYSIS

Under § 1988, the prevailing party in a § 1983 action can be awarded attorneys' fees. The award is within the court's discretion, but "prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." *Roger Whitemore's Auto. Servs., Inc. v. Lake County*, 424 F.3d 659, 675 (7th Cir. 2005). A prevailing defendant "may be entitled to fees only in cases in which the plaintiff's action was frivolous, unreasonable, or groundless." *Id.* A frivolous suit is one that has "no reasonable basis, whether in fact or in law." *Id.* (quotation omitted).

The court declines to award fees to Defendants here. Although the court granted summary judgment in favor for Defendants, the court does not find the allegations in Schlessinger's SAC to be frivolous. Although Schlessinger's claims were weak and did not survive Defendants' motion for summary judgment, "a weak case does not a frivolous case make." *Roger Whitemore's*, 424 F.3d at 676. Indeed, Schlessinger's "theory of the case was not so lacking in reasonableness that it should be deemed frivolous." *Id.* Further, Schlessinger's improper summary judgment submissions are not evidence of ill intent or a frivolous claim. *Mellenthin v. SBC-Ameritech*, 2008 WL 4442590, at *12 (N.D. Ill. Sept. 29, 2008) ("This court, while understanding of [defendant's] frustration with the careless work on the part of [the plaintiff's] attorney, does not view attorneys who file sloppy summary judgment responses on the same level as attorneys who knowingly pursue frivolous legal claims, even after having the inadequacies highlighted for them by opposing counsel.").

Defendants cite a number of actions taken and statements made by Schlessinger that they argue demonstrate improper intent on behalf of Schlessinger in pursuing his claims. However, in reviewing these statements and actions cited by Defendants, the court finds that, while they were potentially overzealous in tone, they were not unreasonable or vexatious. For example, Schlessinger's statements to Defendants "reminding" them of the pending lawsuit and warning

that abatement of his units would "continue to result in further in depth litigation, including more depositions if necessary" are not evidence of improper motive or conduct. While Schlessinger's evidence was too weak for the court to infer retaliatory motive and Schlessinger failed to present sufficient evidence to support his claims, these allegations were not frivolous. Thus, the court declines to award attorneys' fees for Defendants pursuant to § 1988.

Similarly, the court declines to award attorneys' fees pursuant to § 1927. Section 1927 gives the court discretion to require an attorney who "unreasonably and vexatiously" multiplies the proceedings to "satisfy personally the excess costs, expenses, and attorney's fees reasonable incurred because of such conduct." 28 U.S.C. § 1927. The court has already found that Schlessinger's action was not frivolous, groundless, or unreasonable. Further, Defendants have not elucidated how Schlessinger unreasonably or vexatiously multiplied the proceedings in this case. Schlessinger's original complaint was dismissed by the court and he was given an opportunity to re-plead. Schlessinger filed his FAC, which was also dismissed in part. Schlessinger filed his SAC in compliance with the court's order dismissing his FAC. The SAC was answered by Defendants, and ultimately dismissed after Defendants moved for summary judgment. Although Schlessinger was unable to put forth enough evidence to support his claim, the court found that portions of his complaint were well-pled. *Judy v. Blatt*, 2010 WL 431484, at *7 (N.D. Ill. Jan. 29, 2010) ("The court's finding that portions of [plaintiff's] complaint are well-pled disposes of [defendant's] argument that this case was brought unreasonably or vexatiously."). Accordingly, Defendants' request for fees pursuant to § 1927 is denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion for attorneys' fees and motion for sanctions [117] is denied.

5

Date: July 28, 2016                                                /s/

                                                Joan B. Gottschall
                                                United States District Judge